**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4020

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY D. DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (CR-04-98)

Submitted: January 11, 2006          Decided: February 8, 2006

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bruce A. Johnson, Jr., BRUCE A. JOHNSON, JR., L.L.C., Bowie, Maryland, for Appellant. Paul J. McNulty, United States Attorney, John Eisinger, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony D. Davis was found guilty at the conclusion of a bench trial of thirteen counts of a second superceding indictment charging him in Count One conspiracy to transport, possess, and sell stolen motor vehicles, in violation of 18 U.S.C. § 371; Counts Two through Five interstate transportation of stolen motor vehicles, in violation of 18 U.S.C. § 2312; Counts Six through Nine possess, conceal, and sell stolen motor vehicles, in violation of 18 U.S.C. § 2313, Counts Ten through Thirteen interstate transportation of fraudulent motor vehicle titles, in violation of 18 U.S.C. § 2314. The district court sentenced Davis to fifty-seven months' imprisonment on each of the thirteen counts, to be served concurrently with one another, three years of supervised release, and ordered payment of restitution of $53,911.45 and payment of a $1300 special assessment. Davis asserts on appeal that: (1) the district court erred in calculating total loss; (2) the evidence was not sufficient to support the district court's findings beyond a reasonable doubt that Davis was in the business of receiving and selling stolen property, that the offense involved sophisticated means, and that the offense involved the organized scheme to steal vehicles; (3) the district court erred in allowing the Government to use Davis' pretrial statements in its case-in-chief; and (4) his sentence is invalid in light of United States v. Booker, 543 U.S. 220 (2005). Davis also has filed a motion to

remand for resentencing, citing Booker. For the reasons that follow, we deny Davis' motion for remand and affirm his conviction and sentence.

Davis' first contention, that the district court erred in calculating total loss relative to the stolen vehicles, is without merit because the district court properly made a reasonable estimate of loss based on the fair market value of the stolen vehicles, as reflected by the amounts paid out by the respective insurance companies to the victims of the crimes. See U.S. Sentencing Guidelines Manual § 2B1.1(b)(1), comments. (n.3(C), 3(C)(I)) (2004). In declining Davis' invitation to credit him for the proceeds obtained when those vehicles ultimately were auctioned off after their retrieval following his arrest, the district court did not err. Hence, the district court's conclusion that the loss was greater than $70,000 was reasonable and Davis' guideline range properly was calculated on that basis.

Davis next asserts that the evidence was insufficient to support the district court's determinations, beyond a reasonable doubt, that Davis was in the business of receiving and selling stolen property and that the offense involved sophisticated means, as well as its ultimate four-level enhancement of Davis' offense level based on those determinations.[*]  Because Davis failed to

---

[*]He also asserts error in the district court's finding beyond a reasonable doubt that the offense involved the organized scheme to steal vehicles.

raise the sufficiency of the evidence issue in the district court, we review the claim for plain error.  United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Higgs, 353 F.3d 281, 324 (4th Cir. 2003).

A defendant challenging the sufficiency of the evidence faces a heavy burden.  See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).  In reviewing a sufficiency challenge, "[t]he verdict of [the factfinder] must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942).  This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'"  United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)).

We find there was substantial evidence, when viewed in the light most favorable to the Government, to support the district court's verdict and findings, which evidence included testimony from those who purchased the stolen vehicles from Davis, the victims whose vehicles were stolen, and an agent who interviewed Davis following his arrest, as well as documentary and other evidence demonstrating Davis' use of fraudulent and fictitious

identification and documentation relating to the vehicles, and the interstate transportation of those vehicles and documents. Accordingly, we find no error in the district court's findings, beyond a reasonable doubt, with respect to the sentencing allegations included in the indictment, that Davis was in the business of receiving and selling stolen property, that the offense involved sophisticated means as it relates to the fake Vehicle Identification Numbers and title documents, and that the scheme was an organized scheme to sell stolen vehicles.

Davis next challenges the district court's decision to allow the Government to use Davis' pretrial statements made to law enforcement officers as part of a plea agreement into which he ultimately did not enter. Specifically, he contends that he did not knowingly and voluntarily waive his right to allow the Government to introduce the statements he made during his plea negotiations, because he did not follow through with his guilty plea.

A district court's decision to allow the introduction of evidence is entitled to substantial deference and will not be reversed by this court absent a clear abuse of discretion. Sasaki v. Class, 92 F.3d 232, 241 (4th Cir. 1996). Case-by-case inquiries are appropriate to determine whether waiver agreements are the product of fraud or coercion, and absent some affirmative indication that the plea statement waiver was entered into

- 5 -

unknowingly or involuntarily, the agreement to waive the exclusionary provision of the plea-statement Rules is valid and enforceable.  United States v. Mezzanatto, 513 U.S. 196, 210 (1995).

Here, the parties stipulated that the following provision appeared in paragraph 15 of Davis' plea agreement, which was signed by Davis, his attorney, and the Government attorney:

> This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States.  The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States . . . If the defendant withdraws from this agreement . . . violates any provision of this agreement, then:
>
> (c) Any prosecution that is the subject of this agreement, may be premised on any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant.  The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

(Emphasis added; citations omitted).

We find that, pursuant to the explicit terms of the agreement, the waiver agreement became effective upon the signatures of the parties and was not contingent on Davis' ultimate acceptance of the plea arrangement.  Davis clearly waived any right to claim that his statements made during plea negotiations were not

admissible at trial, and his assertion that his waiver is ineffective merely because he did not ultimately follow through with his plea is without merit. Davis has not shown that the district court's ruling on the admissibility of his statements made during plea negotiations was clearly erroneous.

Davis contends that the district court clearly erred in sentencing him under a mandatory guidelines regime, in violation of the rule announced in Booker. This contention, raised in his briefs on appeal, also forms the basis for his pending motion to remand for resentencing. As stipulated to by the parties, we review for plain error any sentencing issues raised pursuant to Booker. See United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).

This court will find plain error in the district court's imposition of a sentence under the former mandatory guidelines regime, even in the absence of a Sixth Amendment violation, only where the defendant "demonstrate[s], based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." White, 405 F.3d at 224. Here, while the district court sentenced Davis at the bottom of the sentencing range, it made no comment regarding the mandatory nature of the guidelines, nor did it make any comments in sentencing Davis that would indicate that it would

have imposed a different sentence under an advisory guideline system. Therefore, as the record does not reveal a nonspeculative basis for concluding that the district court would have imposed a shorter sentence had it known it possessed discretion to do so, we find that Davis cannot demonstrate that the district court's error in sentencing him under a mandatory guidelines regime affected his substantial rights such that he is entitled to resentencing. See United States v. Olano, 507 U.S. 725, 734-35 (1993).

Accordingly, we deny Davis' motion to remand for resentencing, and affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED